J. P. KING for plaintiff.

R. R. REID for defendant.

⊷⊷◉◉⊶⊶

## IN RICHMOND SUPERIOR COURT, JULY, 1832.

*In Equity.* {
ALEXANDER MACKAY *et alii*, Complainants,
and
J. MOORE, Ex'r. of J. WILLSON *et alii*, Def'ts.

---

The words, "*In the event of its becoming necessary*," in a will, are the same in effect with the words "*if it become necessary—provided it should become—if it should happen to become*," which clearly indicate a conditional bequest and not a limitation.

If the condition precedent become impossible even by the act of God the estate would never arise.

A testator may limit the extent of power conferred by him, and prescribe the particular manner of executing it, and the agent is as little able to vary the manner, as to transcend the limit, for in either case he would be found usurping, instead of executing authority.

---

By this bill the complainants, who are the residuary legatees of John Willson, pray for an account and settlement of the estate, and that the executors may be decreed to pay over to them the residuum ; which is not resisted by the executors, except as to the sum of four thousand dollars, for the payment of which sum they ask the direction and judgment of the court, the present right to the possession thereof being disputed by the testamentary guardians of Betsy Keating and her children. Whatever difficulty there is in the case, arises under this clause of the will. " I will and desire that " in case Betsy Keating and her children should continue to " reside in the City of Augusta after my decease, or should " wish to settle themselves in some other part of the State, " then and in that event, I will, order, and direct, that my " two nephews John and Alexander Mackay aforesaid, shall " furnish them with a house for their residence, free of rent " so long as they reside therein, and also furnish them with " suitable household and kitchen furniture, and an adequate " number of male and female servants to wait on them. And " in the event of its becoming necessary (and which necessity " to be judged of by a majority of my executors and John " and Alexander Mackay, and the testamentary guardians " hereinafter appointed) to remove the said Betsy Keating " and her children aforesaid, then I will, order, and direct my " executors to pay over to the said testamentary guardians, " hereafter appointed, for and on account of the said Betsy " Keating and her children aforesaid, over and above the " legacy hereby, and before bequeathed to them, the sum of " four thousand dollars to be raised out of the residuum of " my estate, &c." It appears manifest from the whole will,

RICHMOND,
July, 1832.

MACKAY et al.
and
MOORE, EX'R.

that Betsy Keating and her children were the peculiar objects of the testator's bounty. The provision made for them in another part of the will is ample, and the greatest solicitude is shown that it should not be disturbed, but take effect according to his will. That bequest is neither conditional nor contingent, and seems to have been considered by the testator sufficient for their comfortable support and maintenance under ordinary circumstances, when furnished with a house and servants as directed by the first part of this clause; with which direction John and Alexander Mackay have fully complied, as appears by the exhibits. But the testator, apprehending that some necessity might arise which could not then be foreseen, seems to have extended his care for these persons so as to meet a possible but unforeseen event. His intention should not be defeated if it were possible that it could ever be carried into effect: But that has now become impossible, by the death of a *majority* of the executors, and John and Alexander Mackay, and the testamentary guardians.

This is clearly a conditional bequest, and is not a limitation. No intermediate disposition is made of this legacy. No interest in it is vested in any one; nor can any interest vest, until the happening of the contemplated event, except such interest as the executor acquires by virtue of his office; and the bequest is given upon a condition precedent which, by the act of God, has become impossible. For though a necessity may arise for removing Betsy Keating and her children, and a very strong necessity too; yet no such necessity as the testator contemplated, can ever possibly arise, those who were, by him, made alone capable of determining upon it, having ceased to live. The power of judging when the necessity should arise, is a mere naked power, unaccompanied by any trust. It cannot be delegated, being a personal trust and confidence; and can only be executed in the manner prescribed by the testator; that is, by a majority, &c. That this is a conditional bequest, and not a limitation, is apparent from the words used, " *in the event* of its becoming necessary," which are no way different in effect or meaning from these, " *if it become;*" " *provided it should become;*" " *if it happen to become;*" words clearly conditional and not of limitation. 1 Bac. Abr. 403. H. That no estate was intended to vest in the devisees until the event should happen, or the condition be performed will appear, it is thought, to any one who looks at the clause under consideration. "In the event, &c. *then* I will, order and direct my executors to pay over, &c." The gift is made to depend on the happening of the event. If this never happen, the gift can never take effect. In the case of Popham *v.* Bampfield et al. 1 Ver. 83. it is said that "precedent conditions must be *literally performed*, and this court will never vest an estate, where, by reason of a condition precedent, it will not vest in law."

And in the case of Cary *v.* Bertie and Wife, et al. 2 Ver. 340. the Chancellor and two Chief Justices all declare, that " if the condition (precedent) becomes impossible, even by the act of God, the estate would never arise." That the event in this case can never happen, and that the condition has become impossible, is a necessary legal consequence from the admitted fact, that a majority of those to whom alone was referred the power of judging of the necessity upon which the four thousand dollars were to be paid, are dead. If the testator had omitted the words contained in the parenthesis, the case would have been a very different one from what it is. The power of judging when the necessity arose, might then have been considered as being connected with the trust in the executors, to pay over when it should arise ; the condition to be still possible ; the power capable of being executed, and such as could be enforced by this court, according to the authority of the case of Brown *v.* Higgs, 8 Ves. jr. 574. But it is evident from what is contained in the parenthesis that it was not the testator's intention that this power should be in his executors ; and he has, as plainly as words could do it, separated the power from the trust : for while the trust remains in the executors alone, he has given the power to them together with John and Alexander Mackay, and the testamentary guardians, thereinafter to be appointed, and made the concurrence of a majority of them alone competent to execute it. Here then is a power, the result of a special trust and confidence reposed in particular individuals, which is incapable of being transferred to another, Cole and Wade, 16 Ves. 43. and which, had it been joint, would have been determined by the death of any one of them. Same case, also Peyton and Bury, 2 P. Wms. 626. Had the power been confided generally to these persons, the death of either of them would, according to these authorities, have determined it. But the case would have been much stronger, had the testator expressly made the concurrence of all necessary. Here he has expressly made the concurrence of a majority necessary, which majority is dead. The effect is the same. And it is upon the general principle, that the testator or constituent may not only limit the extent of power conferred by him, but also prescribe the particular manner of executing it ; and that the agent is as little able to vary the manner, as to transcend the limits ; for in either case he would be found usurping instead of executing authority.

The intentions of a testator, and not the reasons which governed him, are alone regularly inquirable into ; but the peculiar circumstances of this case are such as in a good measure to obtrude upon the consideration of the court the reasons which were likely to have operated upon the mind of this testator. Two of his residuary legatees, the two testamentary guardians of Betsy Keating and her children and

the executors, are appointed. It is the interest of the two first that the event should not happen at all, and this interest would be likely to influence their judgment against the existence of the necessity. It would be the interest of the guardians representing their wards, to obtain possession of the fund at once; but the interest of the executors is balanced between them. In all the testator had confidence, and he was willing to put this sum at the disposal of a majority of them, being equally unwilling on the one hand to suffer the death of one, or two, or even three of them, or the obstinacy or selfishness of the residuary legatees, to obstruct his kind intentions, and on the other to delay the rights of his residuary legatees, and to burden his executors for an unreasonable length of time with this unadministered fund.

The court does not advert to this reason as any way controlling the power, but as an aid in explaining the intention of the testator, who must have had in view the interests of the residuary legatees as well as those of Betsy Keating and her children: and this reason is thus used more especially because the intention so explained is in accordance with, and not opposed to, a settled rule of law.

Upon a careful consideration of this case, it is the opinion of the court that the complainants are entitled to recover the whole residuum, including the four thousand dollars reserved to meet the conditional bequest to Betsy Keating and her children, and it will decree accordingly.

I. P. KING, Solicitor pro complainants.
R. H. and J. W. WILDE, for defendants.